PER CURIAM:
This is a claim brought to recover back wages that were withheld by Welch Emergency Hospital, a facility of the respondent, after a reclassification of the claimant’s position at the facility. It appears uncontroverted that the claimant was performing the duties of a Procurement Officer, while inappropriately receiving compensation at a lesser grade and title classification. The claimant seeks to recover the underpayments that resulted from the misclassification retroactively from October 1, 1984 to September 16, 1990.
The claimant timely filed a grievance pursuant to the Education and State Employees Grievance Procedure, in accordance with the provisions of W.Va. Code Chapter 29, Article 6A, Section 4(a), to recover same on October 1,1990. A representative of the respondent, David Gresham, advised the claimant by letter dated October 10, 1990, that back wage grievances could not be paid beyond July 1, 1988, consistent with the current case precedent as cited below. By an Agreement between the claimant and the respondent, dated October 11, 1990, the claimant received an aggregate back wage payment of $3,494.89, representing the underpayment of wages *113 from the misclassification during the period of her employment by the respondent from July 1, 1988, up to and including September 15, 1990.
The issue of unpaid back wages, from the period of October 1, 1984, to July 1, 1988, remains unresolved and is the subject of the present claim before this Court. The claimant alleges that the agreement for partial repayment of back wages dated October 11, 1990, did not preclude her from not attempting to recover the remaining unpaid wages in the amount of $5,934.60.
The respondent contends that it is unable to make the requested payment for the period of October 1, 1984, to July 1, 1988. The respondent cites as its authority for their action the holding of AFSCME v. W.Va. Civil Service Comm., _ 181 W.Va.8, 380 S.E.2d 43, wherein the W.Va. Supreme Court of Appeals established a 90 day period for claimants to initiate grievances to recover back wages for claims arising prior to July 1, 1988. The 90 day filing period began on March 28, 1989, the date of the AFSCME decision and expired June 28, 1989. The claimant missed this filing period. The respondent, however, suggests that the claimant may still have recourse for obtaining her back wages by pursing a grievance with the Education and State Employees Grievance Board since the agreement for partial back wages may be interpreted to grant such consideration.
The Court is of the opinion that grievances involving misclassification are the exclusive province of the Education and State Employees Grievance Board. As the claimant has not exhausted her administrative remedies, this Court has no jurisdiction to substitute its judgement for that of the Grievance Board, nor to make findings of fact and conclusions of law in such wage matters. The basic rule of exhaustion of remedies is found in Meyers v. Bethlehem Shipping Corporation, 303 U.S. 41 (1938), wherein the U.S. Supreme Court held that “no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.” In other words, a reviewing court does not have jurisdiction over a matter until an agency has acted “finally.” The claimant has not exhausted her administrative remedies of the W.Va. Code. The basis for the exhaustion of remedies rule has been summarized by the U.S. Supreme Court in McKart v. U.S., 395 U.S. 185 (1969) and followed by the W.Va. Supreme Court of Appeals for the following reasons:
It permits full development of the facts prior to judicial review;
It gives the agency a chance to employ the discretion or expertise expected of it by the Legislative body;
it is generally more efficient to exhaust the administrative process without premature interruptions;
The appellant might succeed before the agency, making judicial review unnecessary;
*114 Constant resort to judicial review could weaker the agency; and,
The exhaustion of remedies rule recognizes the autonomy and primacy of the agency to make findings of fact without undue influence and interference.
For the foregoing reasons, the Court must deny this claim in order for claimant to pursue and exhaust the administrative remedies available to her.
Claim disallowed.